UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN MICHAEL AITKEN,

        Plaintiff,

v.                                                                  Case No. 3:23-cv-1418-BJD-PDB

WARDEN POLK,

        Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Steven Michael Aitken, an inmate housed at Columbia Correctional Institution, initiated this action by filing an emergency petition for injunction (Doc. 1). Plaintiff says he was raped by another inmate on November 4, 2023, three days after he was moved to the protective management unit, and he fears he "is in imminent danger of repeated sexual assault." *See* Doc. 1 at 1, 3.[1] He complains that the named defendant/respondent, Warden Polk, "foster[s] a violent drug infested environment where sexual (and) physical assault is rampant"; "employ[s] a

---

[1] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's filing (Doc. 1) and the Court's Amended Standing Order (Doc. 2) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

maniacal obstructionist political ideology," apparently with respect to implementation of the Florida Department of Correction's Protective Management Program (PMP); and orders that inmates who request protection in accordance with the PMP be "terrorized and tortured via . . . deprivation of bedding, clothing . . . and toiletries." *Id.* at 2-3. Plaintiff requests an "injunction and evidentiary hearing . . . to enjoin [Warden Polk] from the stated federal civil rights violations." *Id.* at 4.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction,[2] "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

---

[2] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176.

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Notably, he has not supported his motion with a verified complaint or affidavits showing he is threatened with irreparable injury, nor has he described precisely the conduct sought to be enjoined or included a supporting memorandum of law. *See* M.D. Fla. R. 6.01, 6.02(a)(1). *See also* Fed. R. Civ. P. 65(b) (requiring the movant to demonstrate through "an affidavit or a verified complaint" that he faces an immediate harm). Petitioner's allegations are alarming, to be sure, which is why the Court issued its Amended Standing Order. However, Plaintiff offers only speculation—not verified allegations—suggesting that he is in imminent danger of repeated sexual assault.

Moreover, an order granting Plaintiff the relief he seeks—essentially, a directive that the Warden not violate his constitutional rights—would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*,

Case 3:23-cv-01418-BJD-PDB   Document 3   Filed 12/07/23   Page 4 of 5 PageID 13

178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure").

Not only is Plaintiff's filing facially insufficient, to the extent he is attempting to raise claims regarding the conditions of his confinement, he has not properly initiated a civil rights action by filing a complaint using the Court's standard form. *See* M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form . . . to file . . . a complaint . . . that alleges a violation of the United States Constitution or other federal law by a government official."). The Court's form requires a plaintiff to include detailed information regarding the defendants he intends to sue, his litigation history, a statement of his claims and facts, and the relief he seeks. If Plaintiff chooses to file a civil rights complaint, he may do so using the proper form.

For the foregoing reasons, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.

Accordingly, it is

**ORDERED:**

1. Plaintiff's emergency petition for injunction (Doc. 1) is **DENIED**.

4

2.  This case is **DISMISSED without prejudice**.

3.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4.  The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of December 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Steven Michael Aitken

5